# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDWARD NOVOTNY, III,

      Plaintiff,

v.

CITY OF WAUWATOSA, GEORGE SCHIMMEL, NICHOLE GABRIEL, TYLER L'ALLIER, MAYFAIR MALL SECURITY, and UNKNOWN MAYFAIR MALL SECURITY GUARD,

      Defendants.

Case No. 17-CV-160-JPS
7th Cir. Case No. 18-1530

**ORDER**

   The plaintiff, Edward Novotny, III, ("Novotny"), who proceeds *pro se*, brought this action for alleged violations of his civil rights. (Docket #1). Specifically, Novotny claimed that two City of Wauwatosa police officers violated his Fourth Amendment rights by stopping him without reasonable suspicion after they received a tip from a mall security officer that Novotny had driven under the influence into the mall parking lot. Novotny also claimed that the City of Wauwatosa and its prosecutor violated his Fourteenth Amendments by giving him a bench trial instead of a jury trial for his municipal citation and by allowing the introduction of evidence at the trial that contained errors. Finally, Novotny alleged that the defendants conspired against him to violate his civil rights. Novotny's complaint also named Mayfair Mall Security and an unknown Mayfair Mall security guard as defendants, but he never served them.

   On February 6, 2018, the Court granted the defendants' motion for summary judgment, dismissing with prejudice Novotny's federal claims

and dismissing without prejudice Novotny's state law claim. (Docket #37).[1] The Court also dismissed defendants Mayfair Mall Security and the unknown Mayfair Mall security guard. *Id.* On March 8, 2018, Novotny filed his notice of appeal to the Seventh Circuit. (Docket #41). That same day, he filed a motion to proceed on his appeal *in forma pauperis*. (Docket #43).

The plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether the plaintiff takes the appeal in "good faith," the court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

In this case, Novotny's appeal is not taken in good faith, and therefore his motion to proceed *in forma pauperis* must be denied. Novotny indicates that his issues for appeal are (1) "illegal search and seizure of Novotny," (2) "conspiracy claim," (3) "collateral estopp[el]," (4) "Plaintiff's 56.1 summary judgment response," and (5) "amend complaint and serve defendant mall security guards." (Docket #43 at 2). These are merely descriptions of some of the issues the Court decided in resolving the defendants' summary judgment motion; Novotny does not point to any

---

[1] Six days after the Court entered judgment dismissing this action, Novotny filed a motion in limine seeking to exclude some evidence at trial. (Docket #39). In light of the Court's judgment, there will, of course, be no trial. The motion in limine will be denied as moot.

error of law or fact that he believes the Court made in dismissing his case. No reasonable person could suppose that the instant appeal has merit without knowing the basis for the appeal.

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Novotny regarding proceeding before the Seventh Circuit. Novotny will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. Novotny has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Novotny requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Novotny does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Novotny's motion; instead, it may require Novotny to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #43) be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the plaintiff's motion in limine (Docket #39) be and the same is hereby **DENED as moot**.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge